UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SANTIAGO GUADALUPE CARRANZA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 03:98-cr-0333-B |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM ORDER

Defendant Santiago Guadalupe Carranza was convicted of conspiracy to possess with intent to distribute methamphetamine and aiding and abetting money laundering. His convictions were affirmed on direct appeal. *See United States v. Carranza*, 248 F.3d 1139 (5th Cir. 2001). Over the past eight years, Carranza has filed motions under 28 U.S.C. § 2255 seeking to vacate his conviction, but has been unsuccessful. Most recently, the Fifth Circuit denied Carranza a certificate of appealability with regard to the district court's dismissal of a § 2255 motion as an unauthorized successive § 2255 motion. *See* Order, *United States v. Carranza*, No. 05-10906 (5th Cir. Aug. 24, 2007). Now, Carranza has filed a Motion to Amend Judgment Nunc Pro Tunc (doc. 501) attacking his conviction and sentence in this case. For the reasons stated below, the Motion is **DENIED**.

Federal courts have jurisdiction to "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." *Castro v. United States*, 540 U.S. 375, 381 (2003), *accord Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir.1987) (holding that federal courts may construe and re-characterize a pro se prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on

his complaint"); *United States v. Santora*, 711 F.2d 41, 42 & n.1 (5th Cir.1983). Among other things, such recharacterization is proper "to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro*, 540 U.S. at 381-82.

In this case, Carranza's "Motion to Amend Judgement (sic) Nunc Pro Tunc" is, in essence, a § 2255 motion seeking to vacate his sentence based on alleged constitutional violations. The Court characterizes this motion as a § 2255 motion based on the legal arguments contained therein and the relief sought. *See Castro*, 540 U.S. at 381-82. However, as made clear by the Fifth Circuit in its ruling on his request for a certificate of appealability in relation to his last § 2255 motion, Carranza is not entitled to attack his conviction and sentence in a successive § 2255 motion without authorization from the Fifth Circuit as required under 28. U.S.C. § 2255(h). Such authorization has not been obtained in this case. Accordingly, Carranza's Motion to Amend Judgement Nunc Pro Tunc (doc. 501) is **DENIED**.

Furthermore, because Carranza has been made well-aware of the requirement that any successive motions seeking to attack the conviction and sentence must be authorized by the Fifth Circuit as required under 28. U.S.C. § 2255(h), the Court will consider any further unauthorized § 2255 filings to be frivolous. Carranza is instructed that any frivolous filings will be stricken and he may be subject to sanctions for the frivolous filings, which may include monetary sanctions to be paid out of his prisoner trust account, if necessary.

SO ORDERED.

SIGNED August 5, 2009

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE